

**U.S. Department of Justice**

United States Attorney
Northern District of Iowa

_____

| | |
|---|---|
| *Mailing and Shipping Address:* | *(712) 255-6011* |
| *600 Fourth Street, Suite 670* | *FAX (712) 252-2034* |
| *Sioux City, IA  51101* | *TTY (712) 258-4761* |

October 14, 2009

The Honorable Donald E. O'Brien
United States District Judge
United States District Court
320 6th Street
Sioux City, Iowa  51101

     Re:    United States v. Robert Solomon
              No. CR 09-4024-DEO

Dear Judge O'Brien:

This letter is in regard to the Rule 11 hearing in this case which is presently scheduled to be held on Thursday, October 15, 2009, at 1:30 p.m.

Pursuant to this Court's standing order regarding guilty plea proceedings, the United States advises the Court of the following information:

    a.    **Nature of the Plea**

Defendant, Robert Solomon, is expected to plead guilty to Counts 1-3 of the indictment in Criminal Case Number CR 09-4024-DEO.  Counts 1 and 2 charge that defendant knowingly transported and attempted to transport in interstate commerce visual depiction(s) of a minor or minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1).  Count 3 charges that defendant knowingly possessed and attempted to possess visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

    b.    **Plea Agreement**

Defendant will be entering a guilty plea with **no plea agreement**.

    c.    **Appeal Waiver**

There is no appeal waiver in this case.

The Honorable Donald E. O'Brien
United States District Judge
October 14, 2009
Page 2
_____

### d.   Applicable Statutes and Statutory Penalties

### COUNTS 1-3

The statute charged in Counts 1-3 of the indictment, 18 U.S.C. § 2252A (2007), provides in pertinent part:

(a)   Any person who—

    (1)   knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography . . .

    (5)(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer . . .

shall be punished as provided in subsection (b).

(b)   (1)   Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years . . .

    (2)   Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both . . . .

18 U.S.C. § 2256 (2007), provides in pertinent part:

For the purposes of this chapter, the term—

    (1)   "minor" means any person under the age of eighteen years;

    (2)   . . . "sexually explicit conduct" means actual or simulated—

        (i)   sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

The Honorable Donald E. O'Brien
United States District Judge
October 14, 2009
Page 3
_____

        (ii)    bestiality;

        (iii)    masturbation;

        (iv)    sadistic or masochistic abuse; or

        (v)    lascivious exhibition of the genitals or pubic area of any person;

(5)    "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image;

(6)    "computer" has the meaning given that term in section 1030 of this title;

(8)    "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

        (A)    the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . .

      Counts 1 and 2 are punishable by: (1) a mandatory minimum 5 years' imprisonment and not more than 20 years without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of at least 5 years and up to life on supervised release. Count 3 is punishable by: (1) not more than 10 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of at least 5 years and up to life on supervised release.

The Honorable Donald E. O'Brien
United States District Judge
October 14, 2009
Page 4
_____

    e.    **Elements of Proof**

The elements of Count 1 are:

1. On or about December 29, 2007, defendant knowingly transported in interstate commerce a visual depiction of a minor engaged in sexually explicit conduct; and

2. Defendant knew the visual depiction under consideration was of a minor engaging in sexually explicit conduct.

The elements of Count 2 are:

1. On or between November 1, 2007, and December 28, 2007, defendant knowingly transported in interstate commerce one or more visual depictions of a minor engaged in sexually explicit conduct; and

2. Defendant knew the visual depiction or depictions under consideration were of a minor engaging in sexually explicit conduct.

The elements of Count 3 are:

1. On or between November 1, 2007, and June 9, 2008, defendant knowingly possessed one or more visual depictions of child pornography;

2. Defendant knew the visual depiction or depictions under consideration were of a minor engaging in sexually explicit conduct; and

3. The visual depiction or depictions under consideration had been produced using a device (a hard drive) that had previously been transported in interstate or foreign commerce.

    f.    **Factual Basis for the Plea**

The following is a summary of the factual basis to prove the elements of the charges to which defendant is pleading. This summary does not constitute all of the facts the government would be able to prove at trial.

1. On December 29, 2007, in the Northern District of Iowa, defendant sent an e-mail to another person in interstate commerce using America Online (AOL); this e-mail was intercepted by AOL. Attached to the e-mail was an image of a minor engaging in sexually explicit conduct.

The Honorable Donald E. O'Brien
United States District Judge
October 14, 2009
Page 5
_____

      2.      On or between November 1, 2007, and December 28, 2007, in the Northern District of Iowa, using AOL, defendant sent to others in interstate commerce images of minors engaging in sexually explicit conduct.

      3.      On or between November 1, 2007, and June 9, 2008, in the Northern District of Iowa, defendant knowingly possessed at least 10 visual depictions of child pornography (depicting at least 3 separate minors) on the hard drive on his computer. This hard drive was manufactured outside the state of Iowa.

      4.      Defendant knew the visual depiction or depictions under consideration in Counts 1-3 were of minors engaging in sexually explicit conduct.

      **g.**      **Special Sentencing Provisions and Collateral Consequences of the Plea**

Since this case was brought under the provisions of Chapter 110 of Title 18 (involving sexual exploitation and other abuse of children), defendant will be required to register as a sex offender.

Defendant should be advised of the consequences of a conviction of a felony offense, including the loss of the right to vote, the loss of the right to possess firearms and ammunition, and the potential for enhanced penalties in the event of any future felony convictions. Furthermore, defendant should be advised of the possible penalties for failure to appear at his sentencing or any other required court appearances in this matter (up to 10 years of <u>consecutive</u> prison time pursuant to 18 U.S.C. § 3146(b)(1)(A)) and of the <u>consecutive</u> penalties for committing the offense while on release (up to 10 years for a felony and up to one year for a misdemeanor pursuant to 18 U.S.C. § 3147).

      **h.**      **Other Issues**

The mandatory detention provisions of 18 U.S.C. § 3143 do apply in this case, and defendant should be taken into custody upon his conviction.

The United States is not aware of any other unusual issues to bring to the Court's attention. If an issue regarding the plea does arise, we will immediately notify the Court and defense counsel.

The Honorable Donald E. O'Brien
United States District Judge
October 14, 2009
Page 6
_____

      Hopefully this letter comports with the Court's Standing Order of February 1, 2008, and the information will be helpful for purposes of the scheduled plea taking.

                                      Sincerely,

                                      MATT M. DUMMERMUTH
                                    United States Attorney

                                      By: s/ Mark Tremmel

                                    MARK TREMMEL
                                    Assistant United States Attorney

cc:    Michael Smart
       United States Probation