# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT SOLOMON,<br><br>　　　　Defendant. | No. CR09-4024-DEO<br><br>**REPORT AND RECOMMNEDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

This case is before me on a second supplemental and substituted petition (Doc. No. 93) to revoke defendant Robert Solomon's supervised release (the Petition). The Honorable Donald E. O'Brien has referred this matter to me for the issuance of a report and recommended disposition. I held a hearing on April 23, 2015. Plaintiff (the Government) was represented by Assistant United States Attorney Kevin Fletcher. Solomon appeared in person and with his attorney, Stuart Dornan. United States Probation Officer Crystal Hansen was also present. Neither party presented evidence. However, Solomon admitted (through counsel) that he committed alleged Violation Nos. 1 through 5, including all subparts, as described in the Petition. He denied alleged Violation No. 6, including all subparts.

## I.   BACKGROUND

On December 30, 2009, Solomon was sentenced to 60 months of incarceration and a five-year term of supervised release based on his pleas of guilty to (a) two counts of transportation of child pornography and (b) one count of possession of child pornography. *See* Doc. No. 74. After completing his federal prison term, Solomon began serving a term of supervised release (TSR) on May 5, 2014. On September 16,

2014, Solomon's TSR was revoked and he was sentenced to three months of incarceration and a three-year TSR. He began serving his current, second TSR on December 12, 2014.

The Petition itemizes six alleged violations arising from the following alleged facts:

On January 1, 2015, Solomon was arrested for operating a vehicle while intoxicated. During the arrest, the officer observed an open bottle of alcohol in the center console of the vehicle. Solomon submitted to a breathalyzer test and his blood alcohol content (BAC) was 0.188%. This constitutes alleged Violation Nos. 1 and 2a-b. On January 2, 2015, Solomon was placed on the Remote Alcohol Testing program. On February 7, 2015, he had a positive test for alcohol with a BAC of 0.021%. On February 8, 2015, he again submitted a positive test with a BAC of 0.058%. On March 16, 2015, he submitted a third positive test with a BAC of 0.022%. These positive tests constitute alleged Violation Nos. 3a-c.

On March 2, 2015, Solomon spoke with his probation officer regarding his employment status. Solomon reported he was employed by Vershoor Meats in Sioux City, Iowa. However, upon follow-up with Vershoor, the probation officer learned that Solomon had only worked one day and had quit on February 19, 2015. On March 11, 2015, Solomon reported to his probation officer that he had not been employed since February 20, 2015, and admitted that he had been dishonest about his employment status when asked about it on March 2. This constitutes alleged Violation Nos. 4a and 5. He then began work at Sue Bee Honey in Sioux City, Iowa. However, when his probation officer called to verify his employment on April 2, 2015, she learned Solomon had walked off the job March 30, 2015. He did not report this to probation. This constitutes alleged Violation No. 4b.

On April 7, 2015, a Sioux City Police Officer was dispatched to the area of 2201 South Clinton Street on a report of gunshots and a white Dodge van leaving the area. Upon arriving, the officer found glass all over the road and noticed that two parked vehicles had windows broken out. The owner of one of the vehicles reported that her

son, John Murray, was having problems with Solomon because Murray was currently dating Candi Estrada, Solomon's ex-girlfriend. The police investigation determined that the victim's garage windows had also been broken and a blue, broken wooden baseball bat was suspected to have been used to break the windows. It was suspected that Solomon was responsible for breaking the windows. This constitutes alleged Violation No. 6a.

Officers located a white van near Solomon's residence. A short time later Solomon left the area in the white van. An officer stopped him as he pulled into a parking lot. When Solomon stepped out of the van, he had bloodshot eyes, slurred speech and a strong odor of alcohol on his breath. The officer arrested Solomon for driving with a revoked license and operating a vehicle while intoxicated. This constitutes alleged Violation Nos. 6b-c. When questioned about the broken windows, he refused to discuss the matter. However, he did admit that he had been drinking and had consumed four to five 24-ounce beers. This constitutes alleged Violation No. 3d.

## II.    ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Solomon admitted alleged Violation Nos. 1 through 5, and all subparts, as described in the Petition. However, Solomon denied Violation Nos. 6a-c and noted that those alleged criminal law violations are the subject of a pending state court prosecution. The Government did not offer any evidence concerning Violation Nos. 6a-c. Accordingly, I find by a preponderance of the evidence that Solomon violated the terms and conditions of his supervised release as described in Violation Nos. 1 through 5 but that the Government did not prove alleged Violation No. 6.

Having found that Solomon violated conditions of his TSR, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether Solomon's supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed –
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> . . . .
>>
>> (4) the kinds of sentence and the sentencing range established for –
>>
>>> . . . .
>>>
>>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to

> such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement –
>
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> >
> > (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)). After considering these factors, I may terminate, extend, revoke, or modify the term of supervised release as set forth in § 3583(e).

Probation recommended that Solomon's term of supervised release be revoked, that Solomon be sentenced to ten months[1] of incarceration and that a new two-year term of supervised release be imposed. I will consider that recommendation in light of the factors set forth in 18 U.S.C. § 3553(a).

---

[1] Probation recommended ten months of incarceration based on a belief that the policy statement guideline range would be four to ten months. That would have been correct if the Government established alleged Violation 6, as it is the only Grade B violation described in the Petition. As I will discuss further below, because the most-severe violation is a Grade C violation, the policy statement guideline range is three to nine months.

*A.    Nature and circumstances of offense, and Solomon's history and characteristics*

Solomon's original offenses were transportation and possession of child pornography. The nature of the offenses and the length of Solomon's federal sentence indicate that the crimes were serious.

Solomon exhibits a significant problem with alcohol abuse. He has participated in various treatment programs. However, his admitted violations, as described in the Petition, indicate an inability or unwillingness to change his behavior.

*B.    Deterrence of criminal conduct*

Any modification of supervised release imposed on Solomon must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Solomon's first TSR was revoked due to numerous violations, including excessive use of alcohol, failure to complete a truthful written monthly report, having contact with a child under age 18 and being arrested for domestic abuse assault and public intoxication. At that time, he received three months imprisonment and a three-year TSR. As discussed above, that revocation and sentence did not deter Solomon from continued alcohol abuse, deceitful behavior and criminal conduct. He tested positive for alcohol use, lied to his probation officer and plead guilty to operating a vehicle while intoxicated. I find that incarceration is necessary to deter further criminal conduct by Solomon.

*C.    Protection of the Public from Further Crimes*

Any modification or revocation of Solomon's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). As discussed above, Solomon plead guilty to operating a vehicle while intoxicated and an open container violation while on supervised release. I find that incarceration is necessary to protect the public from further crimes by Solomon.

D.   *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Probation does not recommend educational or vocational training or medical care at this time. There is no basis in the record to suggest that such a need exists.

E.   *Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Solomon's sentencing. 18 U.S.C. § 3553(a)(5). The policy statement entitled Classification of Violations, U.S.S.G. § 7B1.1, sets forth three grades of supervised release violations. Solomon's violations are Grade C violations, which consist of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." The policy statement entitled Revocation of Probation or Supervised Release, U.S.S.G. § 7B1.3(a)(2), states: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." Finally, the policy statement entitled Term of Imprisonment, U.S.S.G. § 7B1.4(a), states that the recommended range of imprisonment for a Grade C violation at Criminal History Category I is three to nine months.

The maximum statutory term of imprisonment is two years and the maximum statutory term of supervised release is life. 18 U.S.C. §§ 3583(e)(3), 3583(h); 21 U.S.C. § 841(b)(1)(B)(viii).

F.   *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). There is no basis to find that this would be the case.

*G.     Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory.  There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)).  Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission.  *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline.").  "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Solomon's TSR be revoked and that he be sentenced to six months of incarceration.  This recommendation falls at the middle of the policy statement guideline range and represents a significant increase over the sentence Solomon received upon his first revocation.  I further recommend that a new two-year term of supervised release be imposed upon Solomon's release.

I find that revocation, with the sentence I have recommended, will further the goals of deterrence and incapacitation, reflects the seriousness of Solomon's conduct and provides just punishment for such conduct.  Such a sentence is "sufficient, but not greater

than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

### III. CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED that the Government's motion to revoke Solomon's supervised release be **granted** and that Solomon be sentenced to six months incarceration[2] with a two-year term of supervised release to follow.

Objections to this Report and Recommendation must be filed by **May 8, 2015**. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59. Responses to objections must be filed no later than **fourteen (14) days** after the objections are served.

**IT IS SO ORDERED.**

**DATED** this 24th day of April, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE

---

[2] Solomon's counsel asked the court to recommend a place of incarceration other than Leavenworth, Kansas, due to some difficulties Solomon encountered there while serving his previous revocation sentence. Based on counsel's statements, I agree with the recommendation and hereby pass it on for Judge O'Brien's consideration.