IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT SOLOMON,<br><br>Defendant. | No. 09-CR-4024-DEO<br><br>ORDER ON REPORT AND RECOMMENDATION |

Before the Court is a Report and Recommendation ("R&R"), Docket No. 107, issued by United States Magistrate Judge Leonard T. Strand concerning the Government's Second Supplemental and Substituted Petition to Revoke, Docket No. 93. Following the hearing on April 23, 2015, Judge Strand issued an R&R recommending that the Motion be granted. Neither party filed an objection to the Report and Recommendation. However, following the issuance of the Report and Recommendation, the Court received a letter from Mr. Solomon's Mother. The Court has considered that letter as Court's Exhibit 1, and a copy is attached to this Order.

# I. FACTS

Magistrate Strand set out the relevant facts in this matter, See Docket No. 93, p. 1-3, and the Court need not repeat them all here. In short, this Court sentenced Mr. Solomon to 60 months incarceration on a variety of charges related to child pornography on December 30, 2009. See Docket No. 74. Mr. Solomon began serving a term of supervised release (TSR) on May 5, 2014. On September 17, 2014, this Court revoked Mr. Solomon's TSR and sentenced him to three months incarceration. See Docket No. 86. Mr. Solomon began serving TSR again on December 12, 2014. Since that time, he has committed a number of violations, including an arrest for driving while intoxicated, several failed alcohol tests, and lying to probation about his employment status. See Docket No. 93, setting out Violation Nos. 1 through 5. Mr. Solomon admitted those violations, and Judge Strand found that he had committed them. Docket No. 107, p. 3. Violation No. 6 dealt with a second arrest for driving while intoxicated and possible destruction of property. Mr. Solomon denied that alleged violation, and the Government did not present any evidence. Accordingly, Judge Strand found that the Government

2

had not proved Violation No. 6. Id. Judge Strand considered the relevant 18 U.S.C. § 3553(a) factors and recommended that Mr. Solomon's TSR should be revoked and that he should be sentenced to six months of incarceration with a two year term of supervised release to follow. Docket No. 107, 8-9.

**II. STANDARD**

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in

3

> accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

### III. ANALYSIS

The Court has reviewed the Report and Recommendation, along with the entire file. As discussed above, neither party objected to Magistrate Strand's Report and Recommendation. The Court is persuaded that the Magistrate's analysis regarding the facts is correct, and his R&R regarding the violations should be adopted. Specifically, the Court finds that Mr. Solomon committed Violation Nos. 1-5 and that his TSR should be revoked. However, in light of Court's Exhibit 1, the Court is persuaded that a sentence at the low end of the

guideline range, to three months incarceration, is appropriate.[1]

Normally, if the Court were going to sua sponte modify an un-objected to Report and Recommendation, it would hold a hearing. However, the Court will not be available for a hearing over the next few weeks. Accordingly, the Court will give the parties five (5) days to file a written objection to the three month sentence. If no objections are made, a judgment will enter and the three month sentence will be imposed. If the parties object, the Court will consider those objections before entering the judgment.

## IV. CONCLUSION

The Magistrate's Report and Recommendation **is adopted in part as set out above**, and Mr. Solomon's TSR is **revoked**. However, <u>**this ruling is deferred**</u> pending the filing of any objection and/or expiration of the objection deadline. **The Court hereby gives the parties five (5) days to file any objection(s) to a sentence of three months incarceration.** If

---

[1] Also, the Court recommends that Mr. Solomon serve his sentence locally. If Mr. Solomon cannot serve his sentence locally, the Court recommends he be placed in a facility other than the BOP facility in Leavenworth, Kansas.

no objection is made, judgment will enter sentencing Mr. Solomon to three months incarceration with two years of supervised release to follow.

**IT IS SO ORDERED** this 27th day of May, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa